Abdul BROWN, Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; Jeffrey A. Beard; John S. Shaffer; Lance Couturier; Frederick Maue; Sharon Burks; Harry Wilson; Mark Krysevig; Linda Harris; Carol Scire; Darlene Linderman; Robert Tretinik; Edward Manchas; Michael Zaken; Gary Gallucci; Daniel Hooper; Gregory Mohring; Robert Stafford; Mark Mozingo; Chris Meyer; Katrina Shiver; Donna Vilcoss; Mike Piovarchy; Brian Petrosky; James Reed; Ray A. Barnes; Adam Snyder; Dan Evans; Pete Saavedra; Halley; Richter; Keefer; Kremposky; Gary Abrams.

No. 07–3625.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Feb. 7, 2008.

Filed: April 1, 2008.

Abdul Brown, Philadelphia, PA, pro se.

A. Tracey Campbell, White & Williams, Berwyn, PA, for Chris Meyer.

Alan S. Gold, Gold & Robins, Jenkintown, PA, for Pete Saavedra.

Before: BARRY, CHAGARES, and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Abdul Brown, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's orders granting the appellees' motions for summary judgment. For the reasons set forth below, we will summarily affirm the District Court's order. *See* I.O.P. 10.6.

## I.

Brown is presently incarcerated at the State Correctional Institute at Fayette, Pennsylvania ("SCI–Fayette"). In July 2005, Brown commenced a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania against the Pennsylvania Department of Corrections, 31 of its employees (the "Commonwealth Defendants"), Dr. Pete Saavedra, and Physician's Assistant Christopher Meyer.[1] In the complaint, which contained over 116 paragraphs of accusations, Brown essentially alleged that he was subjected to cruel and unusual conditions while incarcerated in the Long Term Segregation Unit at SCI–Fayette. Brown claimed that the Commonwealth Defendants mistreated him in retaliation for his having commenced litigation against the Department of Corrections. Brown also alleged that Dr. Saavedra deprived him of adequate psychiatric treatment in retaliation for his having filed the lawsuit. Brown sought relief under the First, Fourth, Eighth, and Fourteenth Amendments.

Following discovery, the Commonwealth Defendants and Dr. Saavedra both moved for summary judgment on the ground that Brown had not exhausted his administrative remedies prior to commencing this action. The matter was referred to Magistrate Judge Robert C. Mitchell, who agreed that Brown had failed to exhaust his grievances against the Commonwealth Defendants, but found that he had attempted to pursue administrative appeals for his grievance against Dr. Saavedra. By order entered April 12, 2007, the District Court adopted the Magistrate Judge's report, granted the Commonwealth Defen-

dants' motion, and denied Dr. Saavedra's motion.

Dr. Saavedra subsequently filed a second motion for summary judgment, this time alleging that Brown had failed to offer sufficient evidence to support his Eighth Amendment claim. Magistrate Judge Mitchell agreed, and the District Court granted the motion. Now, Brown appeals from the District Court's orders granting summary judgment to the Commonwealth Defendants and Dr. Saavedra.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Carrasca v. Pomeroy*, 313 F.3d 828, 832–33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of his pleadings. *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 489 (3d Cir. 1994).

## III.

A. *The Commonwealth Defendants' Motion for Summary Judgment*

Upon review, we believe that the District Court properly granted the Common-

---

1. By orders entered January 23, 2006, and November 13, 2006, the District Court dismissed the Department of Corrections and Christopher Meyer from the case. Brown does not seek review of these orders.

wealth Defendants' motion for summary judgment on the ground that Brown failed to exhaust his administrative remedies before commencing the present action. Under 42 U.S.C. § 1997e(a), a prisoner is required to exhaust the available administrative remedies before bringing a federal civil rights action concerning prison conditions. *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The Pennsylvania Department of Corrections has a three-tiered grievance system which serves as a prisoner's administrative remedy: (1) initial review; (2) appeal to the Superintendent; and (3) appeal to the Secretary's Office for final review. *See Spruill v. Gillis,* 372 F.3d 218, 232 (3d Cir.2004).

■ In support of their summary judgment motion, the Commonwealth Defendants submitted a declaration on behalf of Kristen Reisinger, an Administrative Officer in the Office of Inmate Grievances. In her declaration, Ms. Reisinger stated that during the relevant period, Brown filed 60 inmate grievances, but failed to properly exhaust any of them.[2] In response to the Commonwealth Defendants' motion, Brown submitted documentation demonstrating that, contrary to Ms. Reisinger's contention, he had properly exhausted one of those 60 grievances, Grievance # 105975. While it appears that Brown is correct, Grievance # 105975 pertained to Dr. Saavedra, not to the Commonwealth Defendants. Brown did not provide any other evidence demonstrating that he had appealed from his grievances against the Commonwealth Defendants. Accordingly, we conclude that summary judgment was proper. *See Carrasca,* 313 F.3d at 832–33.

**2.** The record reveals that Brown filed additional grievances after July 14, 2005, the date

### B. Dr. Saavedra's Motion for Summary Judgment

We also agree with the District Court that Brown failed to provide sufficient evidence to withstand summary judgment on his claims against Dr. Saavedra. In the complaint, Brown alleged that Dr. Saavedra maliciously discontinued Brown's antipsychotic medication in violation of his Eighth Amendment rights, and in retaliation for his having commenced litigation against the Department of Corrections. In order to prevail on his Eighth Amendment claim, Brown must show that Dr. Saavedra was deliberately indifferent to a serious medical need. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To prevail on his retaliation claim, Brown must show that he engaged in constitutionally protected activity, that he suffered adverse action at the hands of a state actor, and that the protected activity was a substantial factor in causing the adverse action. *See Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir.2003).

In support of his summary judgment motion, Dr. Saavedra submitted numerous medical records demonstrating that he had provided medical treatment to Brown on at least 18 occasions during the relevant period, and that his decision to discontinue Brown's medication was based on Brown's refusal to take it. In order to withstand summary judgment, Brown was required to set forth specific evidence showing a genuine material issue for trial. *See Connors,* 30 F.3d at 489. Brown, however, failed to produce any evidentiary support for his claims. Indeed, at his deposition, Brown conceded that the only evidence he had was "his belief," and his "word" against that of Dr. Saavedra.

upon which he filed the present complaint.

In his opposition to Dr. Saavedra's motion, Brown did not attempt to provide any support for his claims, but instead argued that the court should reject the motion as untimely under the court's case management order. Brown also argued that Dr. Saavedra should have raised this argument in his first summary judgment motion. While Brown's arguments are sound, we agree with the Magistrate Judge that, given the total lack of evidentiary support for Brown's claims, it was prudent to dismiss them prior to trial. Accordingly, we believe that the District Court properly entered summary judgment on Brown's claims against Dr. Saavedra. *See id.*

### IV.

For the foregoing reasons, we conclude that the District Court properly granted summary judgment in favor of the Commonwealth Defendants and Dr. Saavedra. As there is no substantial question presented by this appeal, we will summarily affirm.[3] *See* Third Cir. LAR 27.4; I.O.P. 10.6.

---

3. Approximately four months after initiating this appeal, Brown submitted a motion to withdraw his appeal in order to recover his filing fees and to terminate deductions from his prison account. Because Brown's filing fee will not be returned to him even if he withdraws the appeal, we deny the motion.

*See Goins v. Decaro,* 241 F.3d 260, 261–62 (2d Cir.2001) ("The [Prison Litigation Reform Act of 1995] makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn.")